[Cite as *State ex rel. McCormick v. McLaughlin*, 2025-Ohio-1527.]

STATE OF OHIO        )                    IN THE COURT OF APPEALS
                       )ss:             NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT    )

STATE EX REL. DARSHAWN T.
MCCORMICK

        Relator                        C.A. No.      31440

        v.

KELLY L. MCLAUGHLIN            ORIGINAL ACTION IN
                                       MANDAMUS

        Respondent

Dated: April 30, 2025

PER CURIAM.

{¶1} Relator Darshawn T. McCormick has filed a complaint seeking a writ of mandamus directed to Respondent Judge Kelly L. McLaughlin. Because Mr. McCormick failed to comply with the mandatory requirements of R.C. 2969.25, this case must be dismissed.

{¶2} R.C. 2969.25 sets forth specific filing requirements for inmates who file a civil action against a government employee or entity. Judge McLaughlin is a government employee and Mr. McCormick, incarcerated in the Toledo Correctional Institution, is an inmate. R.C. 2969.21(C) and (D). A case must be dismissed if the inmate fails to comply with the mandatory requirements of R.C. 2969.25 in the commencement of the action. *State ex rel. Graham v. Findlay Mun. Court*, 106 Ohio St.3d 63, 2005-Ohio-3671, ¶ 6.

{¶3} Mr. McCormick moved to waive prepayment of the cost deposit. His motion failed to comply with R.C. 2969.25(C), which sets forth specific requirements for an inmate who seeks to proceed without paying the cost deposit. Specifically, Mr. McCormick did not file a

statement of his prisoner trust account that sets forth the balance in his inmate account for *each of the preceding six months*, as certified by the institutional cashier. Mr. McCormick filed a statement that included the balance of his account for six months, but it was not the six months immediately preceding the filing of his petition.

{¶4} The Supreme Court's decisions make clear that R.C. 2969.25(C) does not permit substantial compliance. *See, e.g., State ex rel. Roden v. Ohio Dept. of Rehab. & Corr.*, 2020-Ohio-408, ¶ 8. Failure to comply with these requirements, including attaching a statement that does not cover the six months immediately preceding the filing of the action, warrants dismissal. *Russell v. Duffey*, 2015-Ohio-1358, ¶ 11-12.

{¶5} In this case, the statement of the prisoner trust account covers the period from August 2024 through January 2025. This case was filed in April 2025. Thus, Mr. McCormick failed to file a statement of his prisoner trust account that covered the six months preceding the filing of this action. Mr. McCormick failed to comply with this mandatory requirement and, therefore, this Court must dismiss this action. *Id.*

{¶6} Because Mr. McCormick did not comply with the mandatory requirements of R.C. 2969.25, this case is dismissed. Costs are taxed to Mr. McCormick. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58.

SCOT STEVENSON
FOR THE COURT

CARR, J.
SUTTON, J.
CONCUR.

APPEARANCES:

DAJUAN MCCORMICK, Pro se, Relator.